IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARY FAYE MARKS, *Individually and as Surviving Spouse of Richard Dennis Marks*, TINA BECK, and DANA STONE, <br><br> Plaintiffs, <br><br> v. <br><br> COFFEE COUNTY SHERIFF'S OFFICE, DEPARTMENT OF CORRECTIONS, BACON PROBATION DETENTION CENTER, WARE STATE PRISON, and JOHN DOES 1-50, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 5:15-CV-147 (MTT) |

## ORDER

Defendant Coffee County Sheriff's Office (Sheriff's Office) has moved to dismiss the claims against it (Doc. 7), and Defendants Department of Corrections, Bacon Probation Detention Center, and Ware State Prison (collectively referred to as "State Defendants") have partially moved to dismiss the claims against them (Doc. 8). The Plaintiffs have moved to amend their complaint (Doc. 18) and to voluntarily dismiss certain claims against the State Defendants (Doc. 21). For the following reasons, the Sheriff's Office's motion is **GRANTED**, the Plaintiffs' motion to amend is **DENIED**, the Plaintiffs' motion to voluntarily dismiss certain claims is **GRANTED**, the State Defendants' motion is **DENIED as moot**, and the state law claims against the State Defendants are **REMANDED** to the Superior Court of Monroe County.

## I. BACKGROUND

Plaintiffs Mary Faye Marks, Tina Beck, and Dana Stone initially filed suit against the Defendants in the Superior Court of Monroe County on January 15, 2015, asserting only state law claims for negligence based on Richard Dennis Marks's death while in custody.[1]  On March 26, 2015, the Plaintiffs amended their complaint to assert a cause of action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations.  (Doc. 1-1 at 55-63).  On April 24, 2015, the Defendants removed the case to this Court.  *See* 28 U.S.C. §§ 1331, 1441(a), 1446(b)(3).

According to the amended complaint, in the week or weeks leading up to January 10, 2013, Richard Marks became ill while in the custody of the Sheriff's Office and/or Bacon County Probation Detention Center.  (Doc. 1-1 at 59, ¶ 14).  The amended complaint further alleges that "[u]pon information and belief, the conditions for confinement constituted cruel and unusual punishment" and "caused and/or contributed to [Richard Marks's] untimely death" without elaborating on what the conditions of confinement were.  (Doc. 1-1 at 59, ¶¶ 16, 17).  Richard Marks was allegedly transported to Bacon County Probation Detention Center, "part of Ware State Prison and Georgia Department of Corrections" on January 10, 2013.  (Doc. 1-1 at 59, ¶ 18).  On January 11, 2013, he was taken to Waycross Mayo Health Systems, allegedly after becoming ill due to his "conditions of confinement."  (Doc. 1-1 at 60, ¶¶ 19, 20).  Richard Marks died of his illness on January 19, 2013.  (Doc. 1-1 at 60, ¶ 20).

The Plaintiffs allege Richard Marks notified the Defendants he was feeling ill but that they "failed to monitor and medicate" or "provide medical assistance" to him.  (Doc.

---

[1] The Plaintiffs are the decedent's surviving spouse and daughters.

1-1 at 61, ¶ 25). They do not specify who Richard Marks notified or what he notified them of. The Plaintiffs further allege:

> As the direct result of the Defendants' deliberate indifference to the Plaintiff's medical needs, Mr. Marks was deprived of his substantive right to life, liberty and property without Due Process of Law and was subjected to punishment without Due Process of Law in violation of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

(Doc. 1-1 at 62, ¶ 30).

## II. DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a

claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Motion to Amend Standard

Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

### C. Coffee County Sheriff's Office

The Sheriff's Office has moved to dismiss all claims against it because it is not a legal entity capable of being sued under Georgia law. Alternatively, it contends that it would be entitled to sovereign immunity on the Plaintiffs' state law claims and that the Plaintiffs have failed to state a claim pursuant to § 1983. The issue of whether a government entity is capable of being sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *accord Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: (1) natural persons; (2) artificial persons (a corporation); and (3) quasi-artificial persons as the law recognizes as being capable to sue. *Lawal*, 196 F. App'x at 768 (citing *Ga. Insurers Insolvency Pool v. Elbert Cnty.*,

258 Ga. 317, 368 S.E.2d 500, 502 (1988)).  A sheriff's office does not fall into any of the categories and therefore is not capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Ashley v. Chafin*, 2009 WL 3074732, at *3 (M.D. Ga.).

The Plaintiffs initially moved to amend their complaint to substitute Coffee County for the Sheriff's Office in an attempt to remedy this defect, but they withdrew that motion.  (Docs. 11; 15).  Now the Plaintiffs have moved to amend their complaint to substitute Coffee County Sheriff Doyle Wooten in his official capacity for the Sheriff's Office.  The Sheriff's Office contends the amendment should not be allowed because it does not relate back to the Plaintiffs' original complaint.  *See* Fed. R. Civ. P. 15(c) (explaining when an amendment to a pleading relates back to the original pleading). Additionally, the Sheriff's Office contends the amendment is futile because (1) "neither the County nor the Sheriff in his official capacity is a proper Defendant for any claims arising out of the conduct of the Sheriff or his employees"; and (2) "Sovereign immunity bars any claim that can possibly be asserted against Coffee County in this case."  (Doc. 23 at 10, 11).

The Court agrees that the amendment is futile and thus does not reach the issue of whether the amendment relates back to the original pleading.

### 1. Negligence Claim

A suit against the Sheriff in his official capacity is essentially a suit against the county.[2]  *See Columbia Cnty. v. Branton*, 304 Ga. App. 149, 151 n.2, 695 S.E.2d 674, 677 n.2 (2010).  *But see Teasley v. Freeman*, 305 Ga. App. 1, 4-5, 699 S.E.2d 39, 42 (2010) (noting that distinctions are made between counties and sheriffs for certain

---

[2] This is not necessarily the case for § 1983 claims brought against a sheriff in his official capacity.  *See generally Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

purposes). When a sheriff "is sued in his official capacity under respondeat superior for an employee's negligent performance of official functions (either ministerial or discretionary acts)," "the sheriff is entitled to the county's defense of sovereign immunity" absent a waiver. *Nichols v. Prather*, 286 Ga. App. 889, 893, 650 S.E.2d 380, 385 (2007). Contrary to the Plaintiffs' arguments, O.C.G.A. § 42-5-2[3] does not provide such a waiver, and the distinction between ministerial and discretionary acts has no place in the sovereign immunity analysis under Georgia law. *Tattnall Cnty.*, 2015 WL 4173915, at *3-*4. Further, the Georgia Tort Claims Act, pursuant to which the Georgia legislature has waived sovereign immunity for certain claims against the state, does not apply to counties or to a sheriff in his official capacity. *Nichols*, 286 Ga. App. at 893, 650 S.E.2d at 385. Therefore, the amendment would be futile as to the Plaintiffs' negligence claim.

**2. § 1983 Claim**

The Plaintiffs' proposed amendment likewise would not prevent dismissal of their § 1983 claim against the Sheriff's Office because the complaint fails to state a claim pursuant to § 1983. "Section 1983 is no source of substantive federal rights." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996). To state a claim pursuant to § 1983, the plaintiff must show "the violation of a right secured by the Constitution and laws of the United States, and … the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3] This statute provides "that the governmental unit, subdivision, or agency having the physical custody of an inmate has the responsibility of providing the inmate with any needed medical care and hospital attention and specifically places the burden of paying for such medical care on the governmental unit housing the inmate." *Tattnall Cnty. v. Armstrong*, --- S.E.2d ---, 2015 WL 4173915, at *4 (Ga. App.).

The Plaintiffs allege a constitutional violation based on the Defendants' deliberate indifference to Richard Marks's medical needs. The Plaintiffs cite the Fourteenth Amendment, which applies to pretrial detainees, as the basis for their claims. The standard for evaluating deliberate indifference to medical needs under both the Fourteenth Amendment and the Eighth Amendment is the same. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). The Plaintiffs must show that: (1) there was an objectively serious medical need; (2) prison officials acted with deliberate indifference to that need; and (3) the injury was caused by the prison officials' wrongful conduct. *Id.* To show prison officials acted with deliberate indifference, the Plaintiff must establish "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 1327 (alteration in original) (internal quotation marks and citation omitted).

The Plaintiffs have alleged no facts regarding Richard Marks's medical condition,[4] nor have they alleged facts regarding who had knowledge of this medical condition and what they did (or failed to do) in response. Further, assuming that Sheriff Wooten in his official capacity is a county official for purposes of this particular claim,[5] the Plaintiffs would be required to show a policy or custom of the county was the moving

---

[4] The Plaintiffs allege in their response to the Defendant's motion that

> Mr. Marks was taken to Waycross Mayo Health Systems where he was admitted into ICU. On intake, he was diagnosed with Septicemia, positive for troponin, pneumonia in both lungs, hyponatremia, and had an abnormal electrocardiogram. On January 19, 2013, Mr. Marks died of Respiratory Failure; Pneumonia; and Influenza.

(Doc. 19 at 2). These facts are not alleged in the amended complaint. However, even if the Court were to consider them, the Plaintiffs have still failed to allege the other elements of a deliberate indifference to medical needs claim.

[5] If he was acting as an arm of the state, then the claims against him would be subject to dismissal for other reasons. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir 1995).

force behind Richard Marks's constitutional injuries in order to recover.  *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-04 (1997); *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1145 (11th Cir. 2007).  They have alleged no facts in this regard, other than generally alleging "the conditions for confinement constituted cruel and unusual punishment" and "caused and/or contributed to [Richard Marks's] untimely death." (Doc. 1-1 at 59, ¶¶ 16-17).  Therefore, the claim is subject to dismissal.

### D.  State Defendants

The State Defendants have moved to dismiss the federal claims against them.  In response, the Plaintiffs have moved to voluntarily dismiss the § 1983 claims against the State Defendants.  (Doc. 21); *See* Fed. R. Civ. P. 41(a)(2).  The State Defendants have not responded to the motion and so apparently do not oppose it.  Therefore, the Court **GRANTS** the Plaintiffs' motion to voluntarily dismiss the § 1983 claims against the State Defendants and **DENIES as moot** the State Defendants' motion.

### E.  Remaining State Law Claims

The only claims remaining are the Plaintiffs' state law claims against the State Defendants.[6]  The Court declines to exercise supplemental jurisdiction over them and **REMANDS** them to the Superior Court of Monroe County.  *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

---

[6] The Plaintiffs' claims against John Does 1-50 do not save their federal claims.  First, these defendants are only mentioned in the caption of the complaint, and there are no allegations pertaining to them.  Second, fictitious party pleading is not generally allowed in federal court unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (internal quotation marks and citation omitted).

-9-

### III. CONCLUSION

For the foregoing reasons, the Sheriff's Office's motion to dismiss (Doc. 7) is **GRANTED**, the Plaintiffs' motion to amend (Doc. 18) is **DENIED**, the Plaintiffs' motion to voluntarily dismiss certain claims (Doc. 21) is **GRANTED**, the State Defendants' partial motion to dismiss (Doc. 8) is **DENIED as moot**, and the state law claims against the State Defendants are **REMANDED** to the Superior Court of Monroe County.

**SO ORDERED,** this 27th day of August, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT